```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                          |   |                    |
|--------------------------|---|--------------------|
| STEVEN SMITH,            | ) |                    |
|         Plaintiff,       | ) |                    |
|                          | ) | CIVIL ACTION       |
|         v.               | ) | NO. 20-10128-WGY   |
|                          | ) |                    |
| SHERIFF BARNSTABLE JAIL, | ) |                    |
|         Defendant.       | ) |                    |
|                          | ) |                    |

YOUNG, D.J.                                        January 29, 2020

**MEMORANDUM AND ORDER**

For the reasons stated below, the Court denies without prejudice plaintiff's motion for leave to proceed in forma pauperis, denies plaintiff's motion for temporary restraining order and dismisses this action without prejudice pursuant to 28 U.S.C. § 1915A.

**I.   Relevant Background**

On January 21, 2020, Steven Smith, a pretrial detainee in custody at the Barnstable County Correctional Facility, filed a pro se complaint accompanied by motions for a temporary restraining order and for leave to proceed in forma pauperis.

Plaintiff's two-page, handwritten complaint is brought pursuant to 42 U.S.C. § 1983 and names as sole defendant the Barnstable County Sheriff, in his official capacity. See Complaint ("Compl."). According to the complaint, upon arrival as a new inmate at the jail, plaintiff "was tagged – like a bird – with an ID Bracelet made of plastic and fastened together by a metal button-lock type of clasp." Id. at p. 1. Plaintiff states that he "[fiercely] objects to this invasion of his

body, not only is it annoying and degrading, but it is an incubator of germs." Id. at p. 2 (emphasis in the original). Plaintiff states that "tagging" is akin to "owning [plaintiff] as property" and plaintiff suggests that "ID CARDS ARE [the norm.]" Id. (emphasis in the original). Plaintiff seeks to have this court "order the Barnstable Sheriff to immediately stop said practice." Id. Plaintiff does not seek monetary damages. Id.

Plaintiff's one-page motion for temporary restraining order seeks an order to enjoin "the practice of TAGGING pre-trial detainees with unmoveable (sic) ID wristbands immediately." See Docket No. 3. The motion seeks to proceed as a class action. Id.

**II.  Motion for Leave to Proceed In Forma Pauperis**

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). Litigants seeking to proceed in forma pauperis must submit an affidavit that includes a statement of all plaintiff's assets. See 28 U.S.C. § 1915(a)(1). This "affidavit" requirement is satisfied as long as it contains the phrase "under penalty of perjury" and states that the document is true. See 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury); see also Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993) (discussing function of affidavit requirement).

Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified

copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status. Based on the information contained in the prison account statement, the Court directs the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997).

Here, plaintiff drafted his own handwritten motion. See Docket No. 2. Plaintiff failed to submit an affidavit and his motion is not a suitable substitute because it is not signed under the penalties of perjury and does not meet the statutory requirement. Because the complaint is subject to summary dismissal, see infra. ¶ V (discussion), plaintiff will not be granted additional time to file a renewed motion for leave to proceed in forma pauperis and affidavit.

### III. Motion for Temporary Restraining Order

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days.

[3]

Fed R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the court cannot issue a TRO without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Here, there is no certification in writing of any effort plaintiff has made to provide at least informal notice to the defendant and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. See Fed. R. Civ P. 65(a)(1).

In addition to notice to the adverse party, a motion for injunctive relief must be accompanied by a memorandum in support addressing the four requirements for injunctive relief: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." Nieves-Marquez v. Puerto Rico, 353 F. 3d 108, 120 (1st Cir. 2003). In order to secure injunctive relief, plaintiff must establish that he is likely to succeed on his claim. This he has not done.

Because the Court finds that plaintiff has not shown a reasonable likelihood of success on the merits, see infra. ¶ V (discussion), the

[4]

court does not need to reach the other factors in determining whether to issue a temporary restraining order. Sindicato Puertorriqueno de Trabajadores v. Fortuno, 699 F.3d 1, 10 (1st Cir. 2012).

**IV. Preliminary Screening of the Complaint**

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to screening. Section 1915A authorizes federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff brings this action challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983, which "creates a remedy for violations of federal rights committed by persons acting under color of state law." Haywood v. Drown, 556 U.S. 729 (2009). "To make out a viable section 1983 claim, a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued." Klunder v. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011)).

[5]

The Fourteenth Amendment Due Process Clause prohibits subjecting pretrial detainees to conditions of confinement that amount to pretrial punishment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). As to violations of the Eighth Amendment, "[pretrial] detainees are protected under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment; however, the standard to be applied is the same as that used in Eighth Amendment cases." Burrell v. Hampshire Cty., 307 F.3d 1, 7 (1st Cir. 2002).

The Eighth Amendment requires prison officials to maintain "humane conditions of confinement" by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking "reasonable measures to guarantee the safety of the inmates." See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Supreme Court has held that a prison official violates the Eighth Amendment only when two requirements are met. Id. at 834. First, the deprivation must be "sufficiently serious," such that the inmate or detainee can "show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must have acted with "deliberate indifference to inmate health or safety." Id. (internal quotation marks omitted) (quoting Wilson v. Seiter, 501 U.S. 294, 302–03 (1994)).

**V. Discussion**

Plaintiff's complaint fails to state a plausible claim for a violation of plaintiff's constitutional rights. Plaintiff complains of the alleged indignity of having to wear an identification bracelet,

however, the complaint cites no case law, and the court has found none, which would indicate that plaintiff has a constitutional right to choose the form of identification badge issued by the penal institution.

The assertions set forth in plaintiff's complaint are insufficient to support a claim for a constitutional violation under either the Eighth or Fourteenth Amendments concerning the conditions of plaintiff's confinement. The complaint does not allege any specific threat to plaintiff's personal safety and the court cannot find that the prison's use of identification bracelets violates federal law.

Moreover, to the extent plaintiff seeks to represent a class, there is no basis to certify a class under Rule 23 of the Federal Rules of Civil Procedure, and the absence of counsel prevents the court from certifying a class. Section 1654 of Title 28 of the United States Code provides, in pertinent part, that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel") (emphasis added). Section 1654 "bar[s] a non-lawyer from representing anyone but himself." O'Diah v. Volkswagen of Amer., Inc., No. 03-1043, 91 Fed.Appx. 159, 160 (1st Cir. 2004) (per curiam). Thus, a class must be represented by counsel because one member of the class (including a representative party) cannot litigate the claims of another class member. See, e.g., Anderson v. Brown, 668 Fed.Appx. 221, 222 (9th Cir. 2016) (per curiam); Johnson v. Brown, 581 Fed.Appx. 777, 781 (11th Cir. 2014) (per curiam); Sinclair v. Citi Mortg., Inc., 519 Fed.Appx. 737, 739 (3d Cir. 2013) (per curiam); Szubielski v. Pierce,

152 F. Supp. 3d 227, 233 (D. Del. 2016); Vazquez v. Fed. Bureau of Prisons, 999 F. Supp. 2d 174, 177-78 (D.D.C. 2013).

Although the court often affords pro se plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases sua sponte," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Id. at 36–37.

### ORDER

Accordingly, the Court hereby ORDERS:

1. Plaintiff's motion for leave to proceed in forma pauperis is DENIED without prejudice.

2. Plaintiff's motion for temporary restraining order is DENIED without prejudice.

3. Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

                                                /s/ William G. Young
                                                WILLIAM G. YOUNG
                                                UNITED STATES DISTRICT JUDGE